O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ML PRODUCTS INC.,<br><br>                  Plaintiff,<br><br>    v.<br><br>NINESTAR TECHNOLOGY CO., LTD.; NINESTAR CORP.; ASTER GRAPHICS, INC.; BILLIONTREE TECHNOLOGY USA, INC.; MOUNTAIN PEAK, INC.; V4INK INC.; and DOES 1 through 125, inclusive,<br><br>                  Defendants. | Case No.:  5:21-cv-01930-MEMF-KK<br><br>**ORDER GRANTING DEFENDANT V4INK INC.'S MOTION TO QUASH [ECF NO. 75]** |

    Before the Court is the Motion to Quash Service of Summons and Complaint filed by Defendant V4Ink Inc. For the reasons stated herein, the Court hereby GRANTS the Motion to Quash Service of Summons and Complaint.

/ / /

/ / /

/ / /

1

I. **Background**

A. **Factual Background**[1]

On November 12, 2021, Plaintiff ML Products Inc. ("ML Products") filed its Complaint, ECF No. 1 ("Compl.") and commenced this action. On November 16, 2021, ML Products filed its Request for Clerk to Issue Summons on Complaint for each individual Defendant, including V4Ink Inc. ("V4Ink"). ECF No. 13. On November 17, 2021, the Clerk of Court issued 21 Day Summons as to all Defendants, including V4Ink.

ML Products first attempted to serve V4Ink in early December. Process server Luis Verjan ("Verjan") attempted to serve V4Ink on December 6, 2021, at V4Ink's registered service with the California Secretary of State, the premises located at 516 N. Diamond Bar Blvd., Unit 296, Diamond Bar, California 91765 ("516 Diamond Bar Blvd."). Declaration of Luis Verjan, ECF No. 119-3 ("Verjan Decl."), ¶ 2. However, when Verjan arrived, he noticed that the 516 Diamond Bar Blvd. address was an inactive Post Office Box ("PO Box"). Verjan Decl., ¶ 3.

ML Products again attempted to serve V4Ink. On December 10, 2021, at 4:30 p.m., process server Larry Ballesteros ("Ballesteros") served a copy of the summons and complaint to a woman, Jane Doe, who refused to identify herself, at the premises located at 1251 S. Rockefeller Ave, Unit B, Ontario, California 91761 ("S Rockefeller"). Declaration of Larry Ballestros, ECF No. 119-2 ("Balestros Decl."), ¶¶ 1–5; ECF No. 41 ("POS").[2] According to Ballestros, Jane Doe stated that she was authorized to accept service for V4Ink. Balestros Decl., ¶ 5.

Somehow, V4Ink ascertained that it had been sued and hired counsel. *See* Exhibit 2, ECF No. 119-5 ("Ex. 2") at 6.[3] V4Ink had notice of the suit as late as January 5, 2022. *See id.* at 7 (law firm

---

[1] The following factual background is derived from the allegations in the declarations submitted by the parties in support of the respective briefings, except where otherwise indicated. The Court makes no finding on the truth of these allegations and includes them only as background.

[2] It appears ML Products found the S Rockefeller address via an online search. *See* ECF No. 119-7.

[3] When referring to page numbers for Exhibit 2, ECF No. 119-5, the Court uses the page numbers imposed by the CM/ECF system because the document does not contain internal pagination.

internal email relating to instant case sent on January 5, 2022). V4Ink's counsel reached out to ML Products's counsel concerning service. Declaration of Richard Liu, ECF No. 75-2 ("Liu Decl."), ¶ 5. V4Ink's counsel told ML Products's counsel that V4Ink did not authorize counsel to accept service. Ex. 2 at 2. However, ML Products apparently served V4Ink's counsel regardless. Opp'n at 3.[4]

### B. Procedural History

V4Ink filed its present Motion to Quash Service of Summons and Complaint on February 2, 2022. ECF No. 75 ("Motion" or "Mot."). The Motion is fully briefed. *See* ECF Nos. 119 ("Opp'n"), 131 ("Reply"), 132 ("Reply Mot. Quash").

On February 10, 2022, this case was transferred from Judge Holcomb to Judge Frimpong. ECF No. 83.

## II. Applicable Law

A federal court does not have personal jurisdiction over a defendant unless the defendant is served in accordance with Federal Rule of Civil Procedure 4. *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009). If a party receives sufficient notice of the complaint, "Rule 4 is to be 'liberally construed' to uphold service." *Id.* "However, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without 'substantial compliance with Rule 4.'" *Id.* (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (citations and quotes omitted)).

A defendant can challenge defective service of process under Rules 12(b)(4) and 12(b)(5). *See* Fed. R. Civ. P. 12(b)(4), 12(b)(5). Upon a challenge to sufficiency of service, the plaintiff "bear[s] the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). In ruling on such a motion, courts have broad discretion to either dismiss the action or retain it but quash the defective serve made. *See S.J. v. Issaquach Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387,

---

[4] ML Products does not provide any exhibit or declaration showing that it served V4Ink's counsel with a copy of the Complaint and Summons.

1389 (9th Cir. 1976) ("The choice between dismissal and quashing service of process is in the district court's discretion.")).

**III. Discussion**

**A. V4Ink Did Not Waive Its Defense of Insufficient Service of Process**

In a footnote, ML Products argues that V4Ink waived the defense of insufficient service of process by filing its Motion to Dismiss under Rule 12(b)(6) before the instant Motion to Quash. *See* Opp'n at 2 n.1.

Under Federal Rule of Civil Procedure 12, a party that brings a Rule 12 motion must raise any defense or objection available at the party at the time it brings such a motion, or the defense may be waived. Fed. R. Civ. P. 12(g)(2). Specifically, "[a] defendant who omits a defense under Rules 12(b)(2)–(5) . . . entirely waives that defense. [Citation] A defendant who omits a defense under Rule 12(b)(6) . . . does not waive that defense." *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 317–318 (9th Cir. 2017).

Here, V4Ink filed its Motion to Dismiss and Motion to Quash Service of Summon and Complaint on the same day. *See* ECF Nos. 74, 75. The Motion to Dismiss does not reference the Motion to Quash. *See* ECF No. 74. On the docket, it appears that the Motion to Dismiss was filed first. *See id.* However, the Court declines to find waiver because the two motions, although filed separately, were filed on the same day and likely within moments of each other.

**B. ML Products's Attempts at Service Did Not Comply with the Federal Rules**

ML Products's attempts at service did not comply with the Federal Rules. Federal Rules of Civil Procedure 4(h) governs service of process for domestic corporations, such as V4Ink. Fed. R. Civ. P. 4(h). Rule 4(h) outlines two methods of service. *Id.* First, service is proper where the plaintiff's service accords with the law of the state where the district court is located. *Id.* at 4(h)(1)(A) (referring to Rule 4(e)(1), which provides that service pursuant to state law is proper). California Code of Civil Procedure Rule section 416.10 largely mirrors Rule 4(h) and provides service on a corporation is proper when served:
    a) to the person designated as agent for service of process . . . ;

b) to the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.

Cal. Civ. Proc. Code § 416.10(a)–(b).

Second, the complaint and summons may be served to a corporation by delivery "to an officer, managing or general agent, or any other agent authorized by appointment or law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

Here, ML Products, through no fault of its own, failed to serve V4Ink's registered agent.[5] ML Products's second attempt at service also did not comply with the rules. Although service may be effective where the agent's authority is implied, *see, e.g., Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988), there are no facts from which the Court can conclude that it was reasonable to imply Jane Doe's authority to accept service. ML Products's citation to *Pos-A-Traction, Inc. v. Kelly-Springfield Tire Co., Division of Goodyear Tire & Rubber Co.*, in support of its argument that the Court should disregard Liu's Declaration, is not on point. *Pos-A-Traction* dealt with the standard for evidence submitted in support of a prejudgment writ of attachment, 112 F. Supp. 2d 1178,1181–82 (C.D. Cal. 2000), not with the standard of evidence applicable to a challenge that service was improper.

ML Products's third attempt also failed because V4Ink's counsel informed ML Products that he was *not* authorized by his client to accept service. *See In re Focus Media Inc.*, 387 F.3d 1077, 1082–83 (9th Cir. 2004) (discussion of when an agent, including an attorney, can impliedly accept service).

ML Product cites to *Operating Engineers' Health & Welfare Trust Fund for North California v. Ag-Tech Inc.* as support for its argument that service was proper. No.18-CV-05411, 2019 WL 5088804 (N.D. Cal. July 19, 2019). Not only is this case non-binding on this Court, but it is also distinguishable. In that case, the Northern District, looking at the totality of the circumstances, declined to grant a motion to quash for insufficient service of process because of the

---

[5] The Court does not fault ML Products for its failure to complete service on its first attempt at the Diamond Bar Blvd. address. Indeed, it appears V4Ink erred by listing a post office box on its SI-550 form. ECF No. 119-4; Cal. Bus. & Prof. Code § 17538.5.

plaintiffs' "reasonable diligence and substantial efforts to complete service" on the defendant through the defendant's known registered agent. *Id.* at *3–*4. The plaintiffs attempted to complete service in accordance with sections 415.10 and 415.20(a) of the California Code of Civil Procedure. *Id.* These provisions allow for personal service upon the "person designated as agent for service of process." Cal. Civ. Proc. Code §§ 415.10, 415.20(a).

Unlike the instant case, the plaintiffs in *Operating Engineers* took affirmative steps in the form of "running both a personal report and a LexisNexis Comprehensive Business Report" to determine the address for the defendant's registered agent. *Id.* at *4. Additionally, ML Products only made three attempts to serve V4Ink—far fewer than the eleven made by plaintiffs in *Operating Engineers*. *See* Opp'n at 3. In short, not only is this case distinguishable, and thus, unpersuasive, but it is also non-binding.[6]

As such, because ML Products's attempts on service were improper, the Court, exercising its discretion, elects to RETAIN this action and GRANTS Defendant V4Ink's Motion to Quash for Insufficient Service of Summons. ML Products is hereby ORDERED to appropriately serve V4Ink in compliance with Rule 4(h) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: September 27, 2023

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

---

[6] The Court notes that ML Products offers an exhibit in support of its Opposition that identifies the key principal of V4Ink as Xiaoxin Zhang. *See* ECF No. 119-7. ML Products does not offer any argument as to why it did not attempt to find Zhang, however, the Court notes this is a "loose" end that appears to have been unexplored by ML Products.