Derek Y. Brandt (*pro hac vice*)
dyb@mccunewright.com
Leigh M. Perica (*pro hac vice*)
lmp@mccunewright.com
Connor P. Lemire (*pro hac vice*)
cpl@mccunewright.com
**MCCUNE LAW GROUP**
231 North Main Street, Suite 20
Edwardsville, IL 62025
Telephone: (618) 307-6116

Counsel for Plaintiff

Jordan L. Ludwig (State Bar No. 277952)
 JLudwig@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA  90071
Telephone:  213.622.4750
Facsimile:   213.622.2690

Counsel for Ninestar Technology Co., Ltd.

Additional Counsel Listed on Signature Page

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ML PRODUCTS INC.<br><br>Plaintiff,<br><br>     v.<br><br>NINESTAR TECHNOLOGY CO., LTD.; NINESTAR CORP.; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 5:21-cv-01930-MEMF-KK<br><br>**ML PRODUCTS INC. AND NINESTAR TECHNOLOGY CO., LTD.'S JOINT RULE 26(f) REPORT**<br><br>Action Filed: November 12, 2021 |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26, ML Products, Inc. and Ninestar Technology Co. Ltd. ("Ninestar Technology"), by their undersigned

counsel, hereby submit this Joint Rule 26(f) Report in advance of the Scheduling Conference as may be set by the Court.[1]

**A. Statement of the Case.**

Plaintiff's Statement: ML Products Inc. commenced this lawsuit on November 12, 2021, asserting claims under the Lanham Act (15 U.S.C. 1051 *et seq.*), and California's Unfair Competition Law and False Advertising Law (Cal. Bus. & Prof. Code §§ 17200 & 17500) against Defendants Ninestar Technology Co. Ltd. and Ninestar Corporation. Plaintiff contends that Defendants—along with numerous alter ego affiliates, shell companies, and brand operators—have engaged in a sweeping scheme of fake and incentivized product reviews and similar unlawful and unfair tactics to manipulate the Amazon.com sales platform algorithm for third-party ink and toner products. Plaintiff alleges that these tactics, which involve actionable false statements, artificially elevate Defendants' product listings to higher priority positions in search results on the platform, thus garnering greater sales while decreasing competitor sales. Plaintiff, a competing seller of third-party ink and toner on the platform, has been injured by Defendants' conduct.

Defendants moved to dismiss the Complaint. After extensive briefing, the Court granted the motion "in part," without dismissing any of Plaintiff's claims, including Plaintiff's alter ego liability claims (Dkt. 147), and ordered Plaintiff to file an amended complaint. Dkt. 148.[2] In accordance with the Court's orders, Plaintiff filed its First Amended Complaint (now the operative complaint) against Defendants on October 12, 2023. Dkt. 149. The First Amended Complaint asserts the same Lanham Act, UCL, and

---

[1] This statement is not submitted on behalf of Ninestar Corporation, which has not yet been served.

[2] In its Complaint, Plaintiff asserted claims against the Ninestar defendants and also against three other groups of defendants (Aster Graphics, BillionTree/Mountain Peak, and V4Ink). The Court granted BillionTree/Mountain Peak's request to sever the actions and, in addition to ordering Plaintiff to file an amended complaint against the Ninestar defendants, ordered Plaintiff to file separate actions against Aster, BillionTree/Mountain Peak, and V4Ink. *See* Dkt. 148. Those separate actions have also now been filed. *See* Case Nos. 5:23-cv-02094-MEMF-KK (Aster Graphics); 2:23-cv-08626-MEMF-KK (BillionTree/Mountain Peak); and 2:23-cv- 09504-GW-PD (V4Ink).

FAL claims as originally asserted against Defendants and alleges additional factual allegations as to Defendants' conduct in support of those claims.

Ninestar Technology's Statement: ML Products commenced this lawsuit on November 12, 2021, asserting claims under the Lanham Act and California's UCL and FAL, against Defendants Ninestar Technology Co. Ltd. and Ninestar Corporation.  ML Products alleges that Defendants—along with alleged alter-ego affiliates—have engaged in illicit activity related to the product ratings and reviews of its printer ink and toner products on Amazon.com.

To begin, several of the brands alleged by ML Products to be alter-egos of Ninestar Technology have no connection with either Ninestar Technology or its corporate affiliates. These brands include E-Z Ink, Valuetoner, GPC Image, LxTek, Shidono, ejet, and Uniwork. The entity E-Z Ink, Inc., is not owned or controlled by either Ninestar Technology or its corporate affiliates.

Nor has Ninestar Technology employed the marketing activities alleged in ML Products' complaint.  Ninestar Technology has not participated in its affiliates' marketing activities on Amazon.

ML Products' current lawsuit is a result of its inability or unwillingness to effectively compete and blaming other companies for its lack of business success.  For example, certain brands contained in ML Products' complaint invested in using famous athletes' images such as Novak Djokavic—one of the most successful tennis players in history—on their packaging.  ML Products has virtually no brand recognition, yet Ninestar Technology does not believe that ML Products engaged in these basic marketing tactics similar to other, more successful brands.  ML Products' lack of business acumen aside, the marketing tactics alleged in the FAC do not amount to actionable false statements under the legal claims ML Products asserts.

Ninestar Technology moved to dismiss the Complaint.  Dkt. 62.  The Court granted the motion "in part," including: (1) ML Products' claims in so far as they are based on a "straw seller" strategy were dismissed with prejudice; (2) ML Products did not satisfy Rule

9(b) as to claims that Ninestar Technology paid for false reviews, accepted fake orders, or manipulated the helpful ratings for reviews; and (3) ML Products' requests for disgorgement under the UCL and FAL claims were dismissed and certain paragraphs were stricken. Dkt. 147. The court also severed the initial action into three separate actions and ordered ML Products to file an amended complaint against only Defendants Ninestar Technology Co., Ninestar Corporation, and V4Ink Inc. Dkt. 148. ML Products filed its First Amended Complaint (now the operative complaint) against Defendants on October 12, 2023. Dkt. 149. The First Amended Complaint asserts the same claims as originally asserted against Defendants. However, without leave of the Court to add new facts or claims, ML Products improperly added numerous additional factual allegations as to Defendants' conduct in support of those claims. ML Products also failed to comply with the Court's instructions to remove portions of the complaint that were dismissed with prejudice or stricken. Dkt. 148. Ninestar Technology intends to address these procedural deficiencies, as well as substantive deficiencies in ML Products' new allegations, in its forthcoming Motion to Dismiss.

ML Products served Ninestar Technology Co. Ltd. ("Ninestar Technology") and filed its Proof of Service of summons on November 17, 2021. Dkt. 18. But ML Products has not yet served Ninestar Corporation with the original Complaint or the First Amended Complaint. Any references by ML Products to actions taken by "Defendants" in this lawsuit are incorrect. Only Ninestar Technology has participated.

**B. Subject Matter Jurisdiction**.

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as Plaintiff's Lanham Act claim arises under federal law, 15 U.S.C. § 1051 *et seq*. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**C. Legal Issues.**

Plaintiff's Statement: The key legal issues in the case include whether Defendants—including their alter ego affiliate entities, shell companies, and brand operators—made or

employ (and/or continue to make or employ) false or deceptive statements or otherwise unfair tactics in connection with ink and toner products they sell on the Amazon.com sales platform; whether these false statements or practices violate the Lanham Act, California's UCL, and/or FAL; whether Plaintiff was proximately injured thereby; and the proper measure of damages and other relief available.

    <u>Ninestar Technology's Statement</u>: Although Ninestar Technology's investigation remains ongoing, the legal issues in this case include whether ML Products can show that Ninestar Technology made or employed (and/or continues to make or employ) false or deceptive statements or otherwise unfair tactics in connection with ink and toner products they sell on Amazon.com; whether these false statements or practices violate the Lanham Act, California's UCL, and/or FAL; whether ML Products was proximately injured by these acts or practices, as opposed to other market forces, lawful conduct, or its own unsuccessful business strategies; and the proper measure of damages and other relief available to ML Products under the law.

**D. Damages.**

    ML Products seeks actual damages for lost sales as a result of Defendants' unlawful conduct, enhanced or treble damages, and disgorgement of Defendants' profits unlawfully obtained. Providing a range of these damages will require discovery and expert analysis, which will be undertaken in accordance with a schedule to be entered by the Court. Plaintiff also seeks injunctive relief, costs, and attorneys' fees.

    Ninestar Technology believes that ML Products has suffered no damages.

**E. Parties and Evidence.**

    The parties named in the First Amended Complaint are Plaintiff ML Products Inc. (which has no subsidiary or parent entity; ML Products Inc. does have a "sister" entity with common ownership, known as SDS Digital Inc.), Defendant Ninestar Technology (whose parent is Zhuhai Hengqin G&G Technology Co., Ltd., whose parent in turn is Ninestar Corp.), and Defendant Ninestar Corp. Because Ninestar Corp. has not been served in this case it has not participated in any motions or discovery.  As further addressed in Point H,

*infra*, the First Amended Complaint includes "Doe" Defendants numbered 1 through 25, who ML Products alleges are Defendants' alter-ego corporate affiliates, shell companies, and/or brand operators. Plaintiff believes that discovery concerning witnesses and key documents pertaining to these alter ego affiliates, shell companies, and/or brand operators is appropriate in this case and intends to pursue same. Ninestar Technology disagrees.

Plaintiff's Statement: The witnesses and key documents with respect to the main issues in the case include representative(s) of Plaintiff and Defendants; documents concerning Defendants' organizational structure, affiliates, shell companies, brand operators, and seller accounts; documents and data concerning Defendants' fake review, review manipulation, and similar tactics on Amazon platform; documents and data concerning ML Products' and Defendants' ink and toner product listings and sales on Amazon; documents and/or witnesses from Amazon concerning the Amazon platform and ML Products' and Defendants' interactions and accounts with Amazon; documents from Amazon concerning other brand owners or seller accounts; documents from Amazon concerning Defendants' fake review, review manipulation, and similar tactics on Amazon platform; documents and/or witnesses from other third parties or individuals concerning product reviews for Defendants' listings; documents from other third parties concerning brand ownership, registration, and payment processing, and concerning identification of brand owners and seller accounts.

Ninestar Technology's Statement:  Additional witnesses and key documents include documents and data from ML Products concerning its business and marketing strategies planned and undertaken. While Ninestar Technology agrees that these topics are likely to be the subject of discovery, Ninestar Technology does not believe that discovery of any entity other than Ninestar Technology is appropriate at this juncture, so ML Products' use of the term "Defendants," rather than Ninestar Technology, is premature.  Further, Ninestar Technology disagrees with ML Products' use of argumentative terms such as "shell companies," as well as the factual assumptions underlying its position.

This list of witnesses and key documents is not exhaustive, and ML Products and Ninestar Technology reserve the right to seek discovery from these and other sources, as well as their right to conduct discovery concerning other subjects. ML Products and Ninestar Technology likewise reserve their right to object to discovery served in the action.

**F. Insurance.**

Ninestar Technology does not have insurance agreements potentially relevant to this lawsuit.

**G. Manual for Complex Litigation.**

ML Products and Ninestar Technology do not presently believe it appropriate to adopt any procedures from the Manual for Complex Litigation.

**H. Motions.**

Plaintiff's Statement: Plaintiff has sued "Doe" defendants representing additional alter ego affiliate, shell company, or brand operators controlled by Defendants. As alleged in the First Amended Complaint, Defendants' scheme uses numerous "ostensibly separate" affiliate entities, brands, and shell companies, "under common ownership and control and … part of a common enterprise." Dkt. 149 ¶13; *see also id.* at ¶¶ 30-31, 36-42 (identifying dozens of Defendants' entities and brands). This is part of Defendants' deceptive scheme. In fact, after Plaintiff filed its Complaint, Defendants moved some of the commerce (and unlawful tactics) identified in the Complaint to new shell companies or new brand operators. Although the Court has ruled that Plaintiff has plausibly asserted its claims against Defendants and their alter ego entities (Dkt. 147 at 10-11), to the extent additional affiliates, shell companies, or brand operators are identified and need to be added as parties, Plaintiff will seek leave to amend in accordance with whatever scheduling order the Court enters. Because of the illusory nature of these affiliate entities and brand operators, Plaintiff believes it is premature to set a deadline for amendment of the pleadings at this time. At a minimum, Plaintiff believes any such deadline should be after Defendants answer the operative complaint and after Plaintiff has an opportunity to pursue relevant information through the discovery process.

Plaintiff does not intend to move for a transfer of venue and has no present intention to add new liability claims to the case.

<u>Ninestar Technology's Statement</u>: In the more than two years since ML Products filed this lawsuit, it has undertaken no effort to identify additional parties, and in fact has not even served one of the parties it has named.  Ninestar Technology therefore does not believe that the open-ended time for amendment sought by ML Products is warranted.

## I.  Dispositive Motions.

<u>Plaintiff's Statement</u>: The Court has already ruled on motions to dismiss, declining to dismiss Plaintiff's Lanham Act, UCL, or FAL claims. Plaintiff does not believe further Rule 12 motion practice is either necessary or an efficient use of the parties' or the Court's resources. Plaintiff cannot determine before undertaking discovery whether it will pursue a motion (or motions) for summary judgment on its claims, but reserves the right to do so in accordance with the Court's scheduling order and the federal and local rules.

<u>Ninestar Technology's Statement</u>:  Ninestar Technology intends to bring a motion to dismiss the First Amended Complaint, as well as a motion for summary judgment.

## J.  Status of Discovery.

ML Products and Ninestar Technology exchanged Rule 26(a)(1) Initial Disclosures on November 17, 2023. ML Products and Ninestar Technology have further agreed that discovery may commence in accordance with Rule 26. Plaintiff intends to initiate written discovery shortly.

## K. Discovery Plan.

Plaintiff believes that discovery may be needed pertaining to the issues identified in Parts C and E, *supra*, including the parties' ink and toner listings and sales on Amazon, identification of Defendants' affiliates and brand operators, any review providers or services employed or used by Defendants or Defendants' affiliates or efforts by Defendants to manipulate or alter reviews, Amazon data or information concerning the parties' product listings, reviews, ratings, and sales; and discovery to establish the identities of brand owners, seller accounts, and seller controlled consumer accounts.

ML PRODUCTS AND NINESTAR TECHNOLOGY'S JOINT RULE 26(f) REPORT

Ninestar Technology also believes that discovery will likely be needed pertaining to the issues identified in Parts C and E, including the parties' ink and toner listings and sales on Amazon, the parties' marketing strategies, ML Products' business plans and strategies, and ML Products' financial information. Ninestar Technology does not believe that discovery of any entity other than Ninestar Technology is appropriate.

ML Products and Ninestar Technology presently agree that the default procedures governing the number of interrogatories and depositions under the Federal Rules should apply, but agree (1) to work together in good faith if either party believes these limitations need to be adjusted and (2) that failing agreement on any such issues, for good cause shown, any party may ask the Court to allow additional discovery.

ML Products and Ninestar Technology anticipate asking the Court to enter a Confidentiality/Protective Order. The parties also intend to discuss the terms of an ESI production protocol which would be entered either by stipulation or by Court order.

ML Products and Ninestar Technology have agreed that discovery may commence consistent with Rule 26, and Plaintiff does not believe discovery should be conducted in phases or otherwise limited.  Ninestar Technology believes that discovery on claims that have not yet survived a motion to dismiss (or were already dismissed) is inappropriate.

**L. Expert Discovery.**

Dates proposed by ML Products and Ninestar Technology for initial and rebuttal expert witness disclosures and expert discovery cut-off under Federal Rule of Civil Procedure 26(a)(2) are identified in the attached chart.

**M. Settlement Conference / Alternative Dispute Resolution ("ADR").**

No settlement discussions have occurred to date. Pursuant to Local Rule 16-15, ML Products and Ninestar Technology prefer that the Court refer the case for private mediation. ML Products and Ninestar Technology further believe that mediation should be deferred until after the completion of significant discovery in the case in order to have the best opportunity for successful resolution.

**N. Trial Estimate.**

ML Products and Ninestar Technology presently estimate that trial will take approximately 5 to 10 days. Plaintiff cannot presently identify all witnesses that it will call at trial, but anticipates calling 5 or more witnesses. Ninestar Technology cannot presently identify all witnesses that it will call at trial, but anticipates calling 3 or more witnesses.

**O. Trial Counsel.**

Plaintiff's lead trial counsel is Derek Brandt, McCune Law Group, APC. Other counsel, including Richard McCune, Dana Vogel, Leigh Perica, and Connor Lemire (all from McCune Law Group), will participate for Plaintiff as well.

Ninestar Technology's lead trial counsel is Stefan Meisner, Crowell & Moring. Other counsel, including Dave Ervin, Preetha Chakrabarti, Jordan Ludwig, Shira Liu, and Tiffany Aguiar, will participate for Ninestar Technology as well.

**P. Magistrate Judge.**

ML Products and Ninestar Technology do not consent to trial before a Magistrate Judge.

**Q. Independent Expert of Master.**

ML Products and Ninestar Technology do not presently believe the Court should appoint a master or an independent expert, but the parties reserve the right to suggest appointment of a discovery master after evaluating any discovery disputes that may arise in this action.

**R. Schedule Worksheet.**

ML Products and Ninestar Technology's competing scheduling proposals are attached.

**S. Class Actions.**

Not applicable.

**T. Other Issues.**

ML Products anticipates this matter may involve discovery of entities in foreign jurisdictions and may involve substantial third-party discovery, which could require

ML PRODUCTS AND NINESTAR TECHNOLOGY'S JOINT RULE 26(f) REPORT

1  additional time or extension of the case schedule.  Ninestar Technology does not anticipate

2  seeking discovery in foreign jurisdictions at this time.

3

4  Dated: December 1, 2023

5  **MCCUNE LAW GROUP**                                    **CROWELL & MORING LLP**

6  Derek Y. Brandt                                         JORDAN L. LUDWIG

7  Derek Y. Brandt (*Pro Hac Vice*)                        Jordan L. Ludwig (SBN 277952)
   Leigh M. Perica (*Pro Hac Vice*)                        515 South Flower Street, Floor 40
8  Connor P. Lemire (*Pro Hac Vice*)                       Los Angeles, California 90071
9  231 North Main Street, Suite 20                         Telephone: 213.622.4750
   Edwardsville, IL 62025                                  Facsimile: 213.622.2690
10 T: (618) 307-6116                                       Email: JLudwig@crowell.com
11 dyb@mccunewright.com
12 lmp@mccunewright.com                                    Stefan M. Meisner *(pro hac vice)*
   cpl@mccunewright.com                                    David J. Ervin *(pro hac vice)*
13                                                         1001 Pennsylvania Ave., NW
14                                                         Washington, DC 20004
   Richard D. McCune                                       Telephone: 202.624.2500
15 18565 Jamboree Road, Suite 550                          Facsimile: 202.624.5116
16 Irvine, CA 91761                                        Email: SMeisner@crowell.com
   T: (909) 557-1250                                       Email: DErvin@crowell.com
17 rdm@mccunewright.com
18 drv@mccunewright.com
                                                           *Attorneys for Defendant Ninestar
19                                                         Technology Co. Ltd*
   Dana R. Vogel (*Pro Hac Vice*)
20 2415 East Camelback Road, Suite 850
21 Phoenix, AZ 85016
   Tel: 909-557-1250
22 drv@mccunewright.com
23
24 *Counsel for Plaintiff, ML PRODUCTS INC.*
25
26
27
28

ML PRODUCTS AND NINESTAR TECHNOLOGY'S JOINT RULE 26(f) REPORT